UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. HUDSON, # 179401,

      Petitioner,

v.                                    Case Number: 10-cv-11937
                                          Honorable Patrick J. Duggan

CAROL HOWES,

      Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT; (2) DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS; (3) DENYING AS MOOT PETITIONER'S MOTION TO
OBJECT TO RESPONDENT'S ANSWER; (4) DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY; AND (5) DENYING AN APPLICATION
FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

On May 13, 2010, David K. Hudson ("Petitioner"), a state prisoner currently

incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed this pro

se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is

challenging the validity of his state criminal convictions in 1986 for first-degree felony

murder in violation of Michigan Compiled Laws § 750.316(1)(b) and felony firearm in

violation of Michigan Compiled Laws § 750.227b.  Respondent Carol Howes

("Respondent") answered the petition with a motion for summary judgment, arguing that

the petition is barred by the one-year limitations period set forth in the Antiterrorism and

Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA" or

"the Act").  On April 8, 2011, Petitioner filed a "Motion to Object to Respondent's

Answer," contending that Respondent failed to properly answer the petition and to provide him with the necessary Rule 5 materials.

After reviewing the petition and Respondent's motion, the Court concludes that the petition is untimely and therefore grants Respondent's motion for summary judgment. Petitioner's objection to Respondent's "answer" is denied as moot because the production of additional Rule 5 materials is not relevant to the issue of whether the petition was filed in a timely manner.  The Court also declines to issue Petitioner a certificate of appealability and leave to proceed on appeal in forma pauperis.

## I. BACKGROUND

The Michigan Court of Appeals summarized the facts underlying Petitioner's convictions and, in accordance with 28 U.S.C. § 2254(e)(1), these facts are presumed correct on habeas review.  The facts are as follows:

> On the night of January 28, 1984, at approximately 10:45 p.m., 19-year-old Evette Jones was driving home in her red Ford EXP sports car.  She had just dropped off a friend on Detroit's northwest side.  When she stopped for a stop sign at Ferguson and Grove Street, her car was struck from behind by a green Chrysler.
>
> Roslyn Montgomery and her husband Lorenzo, who lived at 16757 Ferguson, heard a loud bump and looked out a window of their home.  They saw Jones get out of her car to inspect the damage caused by the collision, while the driver of the green car opened his trunk.  Mrs. Montgomery then saw the driver of the green car pull a gun out of his jacket and point it at Jones.  A struggle ensued, with Jones eventually being forced into the trunk of the green car.  The driver of the green car then got behind the wheel of Jones['s] car and another man, not seen previously, was seen at the wheel of the green car.  Both cars pulled away.  The Montgomerys then called the police.

2

A short time later, Renee Himelhoch, who was babysitting in a home on Pierce Street in Southfield, heard a noise that sounded like gunshots. She looked outside a window and saw two cars, a green car parked behind a smaller darker car. Two men were attempting to slam the trunk shut on the green car. They both then left in the smaller car. Within seconds a woman emerged from the trunk, screaming for help. Himelhoch then called the police.

After she told the police that the men who shot her had taken her car, Jones was taken to the hospital. Jones had been shot five times and remained in intensive care until she died on February 9, 1984.

Subsequently, in the pre-dawn hours of January 29, 1984, Jones['s] car was spotted on Pacific Street in Detroit. Fresh footprints in the snow led to a two-flat house at 4542/4538 Pacific. A tracking dog was taken to the scene, and it led police to the Pacific address. A search warrant was obtained. Several officers served the warrant. Both defendants were arrested in the upper flat. Initially, a woman's purse and long guns were seized. However, following statements made by defendants, two weapons were found on the premises along with boots that matched the footprints in the snow. One of the weapons subsequently seized was shown at trial to be the gun used in shooting Jones.

*People v. Hudson*, No. 92011, at *1-3 (Mich. Ct. App. Sept. 16, 1987).

On February 7, 1986, a jury in the Circuit Court for Oakland County, Michigan, convicted Petitioner of the above-stated charges. The trial court sentenced Petitioner to life in prison for the first-degree murder conviction and the mandatory two years in prison for the felony-firearm conviction.

Petitioner filed a direct appeal with the Michigan Court of Appeals on April 21, 1986. On September 16, 1987, the Court of Appeals affirmed his convictions and sentences. *See Hudson*, No. 92011. Despite Petitioner's claim to the contrary, there is no

3

record of an application for leave to appeal filed with the Michigan Supreme Court.[1]

In 2007, Petitioner filed a motion for relief from judgment with the trial court pursuant to Michigan Court Rule 6.508(D). The trial court denied the motion on November 1, 2007. *People v. Hudson*, No. 84-062537-FC (Oakland Cnty. Cir. Court, Nov. 1, 2007). Petitioner filed a motion for reconsideration, which the trial court denied on January 10, 2008. *People v. Hudson*, No. 84-062537-FC (Oakland Cnty. Cir. Court, Jan. 10, 2008).

Petitioner filed a delayed application for leave to appeal the trial court's decision with the Michigan Court of Appeals, which the appellate court denied on April 2, 2009. *People v. Hudson*, No. 288872 (Mich. Ct. App. Apr. 2, 2009). His motion for reconsideration was denied on May 12, 2009. *People v. Hudson*, No. 288872 (Mich. Ct. App. May 12, 2009).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied on January 29, 2010, finding that "defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Hudson*, 485 Mich. 1074, 777 N.W.2d 176 (Mich. 2010). Petitioner filed a motion for reconsideration, which the Michigan Supreme Court denied on April 27, 2010. *People v. Hudson*, 486 Mich. 904, 780 N.W.2d 817 (Mich. 2010).

Petitioner filed the pending petition for a writ of habeas corpus on May 13, 2010,

---

[1]Petitioner claims that the Michigan Supreme Court denied this "letter request" on April 4, 1988. (Pet. at 4.)

4

signed and dated May 4, 2010, in which he raises several challenges to the validity of his

state court conviction.

## II. DISCUSSION

### A. Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, Summary judgment is appropriate

"if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The central

inquiry is "whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of

material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the movant meets this burden, the nonmoving party must present evidence

demonstrating that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine

issue, the nonmoving party must present sufficient evidence upon which a jury could

reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*,

477 U.S. at 252, 106 S. Ct. at 2512.  The court must accept as true the non-movant's

evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255,

106 S. Ct. at 2513.

Rule 56 applies to habeas proceedings.  *See* Rule 12 of the Rules Governing

5

§ 2254 Cases; *see also Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) (citing

*Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991)).

## B.  Statute of Limitations Analysis

The AEDPA applies to all habeas petitions filed after the Act's effective date of

April 24, 1996.  *See Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir.2004) (citing *Lindh v.*

*Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059 (1997)).  The Act imposes a one-year

limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>
>> (A)    the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B)    the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed if the applicant was prevented
>> from filing by such State action;
>>
>> (C)    the date on which the constitutional right asserted was
>> originally recognized by the Supreme Court if the right has
>> been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of
>> due diligence.

28 U.S.C. § 2244 (d).  A petitioner whose conviction became final before the AEDPA's

effective date of April 24, 1996, is entitled to a one-year grace period (i.e. until April 24,

1997) to file a habeas petition.  *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999),

*vacated on other grounds*, 530 U.S. 1257, 120 S. Ct. 2715 (2000).

Petitioner's conviction became final prior to April 24, 1996.[2]  Petitioner does not base his request for habeas relief on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  He also does not claim that State action prevented him from filing a timely application.  *Id*. § 2244(d)(1)(B).  Finally, none of Petitioner's grounds for relief are predicated on facts discovered since his trial.[3]  *See* 28 U.S.C. § 2244(d)(1)(D).  Thus, absent statutory or equitable tolling, Petitioner was required to file his federal habeas petition on or before the expiration of the AEDPA's April 24, 1997 grace period.

---

[2]As indicated earlier, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences on September 16, 1987.  Petitioner contends that the Michigan Supreme Court denied his letter request seeking leave to appeal on April 4, 1988.  Despite the absence of anything in the record evidencing Petitioner's filing of this "letter request," the Court will assume this allegation to be true for purposes of deciding Respondent's summary judgment motion, particularly because it has no impact on whether Petitioner's habeas petition is timely.  Petitioner does not claim that he filed a petition for writ of certiorari in the United States Supreme Court; thus, his conviction became final ninety days after April 4, 1988 (the expiration of the period for filing such a petition), or July 3, 1988.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

[3]In his petition, Petitioner asserts that he obtained newly discovered evidence consisting of a letter to his mother from his trial counsel indicating that the latter neglected to convey a plea offer to Petitioner.  (Pet. at 8, Ex. 1.)  None of the claims presented in Petitioner's application for habeas relief, however, are based on facts discovered through this letter.  Further, it appears from the statements in the petition that Petitioner obtained the letter in September 2008. (*See* Pet. at 12.) Thus he was required to file any claims based on the facts in the letter by September 2009. *See* 28 U.S.C. § 2244(d)(1)(D).

7

### i.  Statutory Tolling

Pursuant to the AEDPA's statute of limitations, "the one-year limitation period is tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner filed his federal habeas petition more than thirteen years after the AEDPA's grace period expired.  Because Petitioner did not file his applications for state post-conviction review until after the expiration of the AEDPA's one-year grace period, those applications have no effect on the tolling of the statute of limitations.  28 U.S.C. § 2244(d)(2); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Winkfield v. Bagley*, 66 Fed. App'x 578, 581 (6th Cir. 2003) (citing *Webster* to hold that "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")  Petitioner's belated post-conviction review in state court did not re-start the limitations period.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

### ii. Equitable Tolling

The United States Supreme Court has held that habeas petitions are subject to equitable tolling by the court.  *Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010).  Under *Holland*, a habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).  The petitioner bears the

8

burden of demonstrating that equitable tolling is appropriate. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In this case, Petitioner fails to satisfy either requirement.

The Sixth Circuit also has found equitable tolling appropriate "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt . . ." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). When that is the case, the court has held that "the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id*. This claim of actual innocence requires a petitioner to support his allegations of constitutional error with "new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." *Id*. at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Id*. (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)). Petitioner fails to present new reliable evidence to support his actual innocence claim.

For the above reasons, the Court concludes that Petitioner is not entitled to equitable tolling.

### III.  Conclusion

Petitioner's convictions became final before the AEDPA's effective date and, therefore, he was required to file his application for habeas corpus relief before the Act's April 24, 1997 grace period expired. Petitioner failed to do so and he is not entitled to

9

statutory or equitable tolling of the limitations period.  As a result, his petition is barred

by the statute of limitations set forth in the AEDPA, Respondent's motion for summary

judgment is granted, and Petitioner's habeas petition is dismissed.

A district court is required to "issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing § 2254

Cases (2010); *see also* Fed. R. App. P. 22(b) ("If an appeal is taken by the applicant, the

district judge who rendered the judgment shall either issue a certificate of appealability or

state the reasons why such a certificate should not issue.") Pursuant to the AEDPA, "[a]

certificate of appealability may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"[W]hen the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim," as this Court has just decided, a

certificate of appealability should issue under § 2253(c)(2), "if the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right, and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484, 120 S.Ct. 1595, 1604.  "Where a plain procedural bar is present and the

district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." *Id.*  "In such a circumstance, no appeal would be

warranted." *Id.*  Accordingly, the Court declines to issue Petitioner a certificate of

appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period.

Typically, a party "permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorizations." However, the Court denies Petitioner leave to appeal in forma pauperis because any appeal would be frivolous.  Fed. R. App. P. 24(a)(3) (2009).

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court **DECLINES** to issue Petitioner a certificate of appealability and **DENIES** him an application for leave to appeal in forma pauperis;

**IT IS FURTHER ORDERED**, that Petitioner's Motion to Object to Respondent's Answer to Petition for Writ of Habeas Corpus, Order to Show Cause and Request for Production of Documents is **DENIED AS MOOT**.


Date:  June 6, 2011

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

11

Copies to:

David K. Hudson, # 179401
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

AAG Anica Letica